**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

NHI HA,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBER
SF-0714-18-0033-I-1

DATE: April 25, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Debra D'Agostino, Esquire, and Sarah L. McKinin, Esquire, Washington,
D.C., for the appellant.

Thomas R. Beindorf, Los Angeles, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal under 38 U.S.C. § 714(a). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a GS-13 Supervisory Veterans Service Representative for the agency. Initial Appeal File (IAF), Tab 6 at 12. On April 18, 2017, the agency proposed the appellant's reduction in grade and pay based on two specifications of conduct unbecoming. *Id.* at 75-77. The first specification pertained to the appellant's ineffective handling of a subordinate's allegation of sexual harassment against another employee. *Id.* at 75. The second specification pertained to the appellant's inappropriate comments toward this same subordinate. *Id.* at 76. The agency, however, rescinded the proposal the following day. *Id.* at 73.

Subsequently, the agency convened an Administrative Investigation Board, which found that the appellant engaged in numerous other instances of misconduct and recommended that the agency take appropriate administrative action against him. *Id.* at 54-71. On September 19, 2017, the agency proposed the appellant's removal under 38 U.S.C. § 714 based on one charge of "Inappropriate conduct in the workplace" (nine specifications) and one charge of "Lack of Candor" (five specifications). *Id.* at 36-39. After the appellant responded, the deciding official issued a decision sustaining both charges and removing the appellant effective October 18, 2017. *Id.* at 12, 14-17, 19-21, 23-33.

The appellant filed a Board appeal, challenging the removal chiefly on due process grounds. IAF, Tab 1 at 4, 6, Tab 20. He waived his right to a hearing. IAF, Tab 17. After the close of the record, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 24, Initial Decision (ID). She found that the agency proved both charges (although not all specifications) by substantial evidence. ID at 3-12. She also considered the appellant's due process

affirmative defenses, but found that the agency did not violate his due process rights.  ID at 12-18.

The appellant has filed a petition for review, contesting the penalty and renewing his argument that the agency violated his due process rights in several respects.  Petition for Review (PFR) File, Tab 3.  The agency has not filed a response.

## ANALYSIS

The appellant has not proven a due process violation.

In an appeal of an adverse action taken under 38 U.S.C. § 714(a), the agency bears the burden of proving its charge by substantial evidence.  38 U.S.C. § 714(d)(2)(a).  Nevertheless, the Board must reverse the agency's action if the appellant shows that the agency violated his right to due process.  *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681 (1991).  Minimum due process of law entails prior notice and an opportunity to respond.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).  On petition for review, the appellant does not contest the administrative judge's finding that the agency proved its charges.  He does, however, make several arguments concerning an alleged violation of due process.  PFR File, Tab 3 at 19-29.  We have considered these arguments, but for the reasons explained in the initial decision, we agree with the administrative judge that the appellant has not proven a due process violation based on the current record.  ID at 12-18.[2]

The appellant also argues that the agency should not have considered his prior alleged misconduct in its penalty determination because the misconduct was unproven.  PFR File, Tab 3 at 22.  This is a challenge to the merits of the agency's penalty determination, which the administrative judge declined to

_____

[2] Even if an improper ex parte communication does not amount to a violation of due process, the Board still must determine whether it constituted harmful error.  *Ward v. U.S. Postal Service*, 634 F.3d 1274,1281 (Fed. Cir. 2011).  We have considered this issue, but we find insufficient evidence to conclude that any procedural error in this regard likely affected the outcome of the agency's decision.

consider because the Board lacks the authority to mitigate a penalty under 38 U.S.C. § 714(d)(2)(A), (3)(C). ID at 14. However, after the initial decision was issued, the U.S. Court of Appeals for the Federal Circuit held that, notwithstanding its lack of mitigation authority, the Board is nevertheless required to review the agency's penalty determination as part of its review of the agency's decision as a whole. *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1323-27 (Fed. Cir. 2021); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1322-27 (Fed. Cir. 2021); *Sayers v. Department of Veterans Affairs*, 954 F.3d at 1375-79 (Fed. Cir. 2020). Therefore, we remand this appeal for the administrative judge to review the agency's penalty determination according to the standard set forth in *Douglas v. Veterans Administration,* 5 M.S.P.R. 280, 306 (1981). *See Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 44-50.

In addition, the record shows that the deciding official sustained the charges under a substantial evidence standard of proof. IAF, Tab 1 at 31, Tab 23 at 6. This was error. Although the Board reviews a section 714 action by substantial evidence, the agency's deciding official may only sustain the charge if he finds it proven by preponderant evidence. *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1298 1300 (Fed. Cir. 2021). Therefore, on remand, the administrative judge shall determine whether the agency's application of the substantial evidence standard of proof was harmful error. *See Semenov*, 2023 MSPB 16, ¶¶ 21-25 & n.5.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall allow the parties to supplement the record with additional evidence and argument on the issues of penalty and harmful error. She shall then issue a new initial decision that addresses these issues. As to the issues

of whether the agency presented substantial evidence to prove its charges before the Board or violated the appellant's right to due process, the administrative judge may adopt the findings from her previous initial decision, as appropriate.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.